# SERVE

**Allstate Indemnity Company**

VS 202113403 Division A

**Whirlpool Corporation**

22nd Judicial District Court

Parish of St. Tammany

State of Louisiana

TO THE DEFENDANT: <u>Whirlpool Corporation CSC Of St Tammany Parish, INC. 4600 Highway 22, Suite 9, Mandeville, LA. 70471</u>

**You are hereby summoned to comply** with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing an answer or other pleading, before the 22nd Judicial District Court, at the Justice Center, 701 N. Columbia Street, Covington, LA, in and for the Parish of St. Tammany, State of Louisiana, within **FIFTEEN (15)** days after the service hereof, under penalty of default judgment against you.

By order of the Honorable Judges of said Court this   5th day of August, 2021

Melissa R. Henry, Clerk of Court

BY: _Lashon Millon_
Lashon Millon, Deputy Clerk

Issued: 08/17/2021

**Counsel or Pro Se:**
Daniel M. Redmann
Attorney at Law
3838 North Causeway Blvd., Suite 2900
Metairie, LA. 70002

**A TRUE COPY**
_Lashon Millon_
DY. CLERK, 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA.
Lashon Millon

Received on _____, 2021, and on _____, 2021 I served a true copy of

the within _____

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from the Justice Center.

_____
Deputy Sheriff

Parish of _____

101 - 15 day regular Citation
Rev 7/16

EXHIBIT A

22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

No: 2021-13403                                              SECTION A

ALLSTATE INDEMNITY COMPANY

VERSUS

WHIRLPOOL CORPORATION

FILED: 8-5-2021                                    S/SANDRA BURRIS
                                                   DEPUTY CLERK

**PETITION**

NOW INTO COURT, through undersigned counsel, comes ALLSTATE INDEMNITY COMPANY, who outlines the following cause of action against WHIRLPOOL CORPORATION:

1.

ALLSTATE INDEMNITY COMPANY is a company domiciled in Louisiana.

2.

WHIRLPOOL CORPORATION is company domiciled in Delaware.

3.

AQUAMOR, LLC is a company domiciled in California.

4.

Venue is appropriate under La. C.C.P. art. 74.

5.

On or about October 15, 2020, water damage occurred to property located at 1172 Rue Chinon in Mandeville, LA (hereinafter, "THE PROPERTY").

6.

The damage occurred because a refrigerator supplied by WHIRLPOOL CORPORATION failed and caused water to leak from the refrigerator at THE PROPERTY.

FAX FILED
7/30/21

02377630-1                                         Page 1 of 5

7.

At the time of the leak and water damage, ALLSTATE INDEMNITY COMPANY had in effect a policy of insurance that provided coverage to certain insured parties in the event of certain damage to THE PROPERTY.

8.

As a result of the water damage, ALLSTATE INDEMNITY COMPANY, was required to make payment to certain insured parties, pursuant to the policy's terms and conditions.

9.

As a result of the payment, ALLSTATE INDEMNITY COMPANY acquired their insureds' rights to recover for damage to THE PROPERTY, via subrogation.

10.

As a result of subrogation, ALLSTATE INDEMNITY COMPANY has a right to recover to the extent of payments made to its insureds from WHIRLPOOL CORPORATION ($92,462.82).

11.

ALLSTATE INDEMNITY COMPANY also has acquired the right from its insured to recover the insured's deductible from WHIRLPOOL CORPORATION ($1,000).

12.

WHIRLPOOL CORPORATION is liable to ALLSTATE INDEMNITY COMPANY because it is a manufacturer of the subject refrigerator, which had a characteristic that rendered it unreasonably dangerous.

13.

Furthermore, and to the extent that WHIRLPOOL CORPORATION did not manufacture the subject refrigerator, WHIRLPOOL CORPORATION is liable to ALLSTATE INDEMNITY COMPANY because it labeled the refrigerator as its own or otherwise held itself out to be the manufacturer of the refrigerator.

14.

Furthermore, and to the extent that WHIRLPOOL CORPORATION did not manufacture the subject refrigerator, WHIRLPOOL CORPORATION is liable to ALLSTATE INDEMNITY

COMPANY because it was a seller of the refrigerator that exercised control over or influenced a characteristic of the design, construction or quality of the refrigerator.

15.

Furthermore, and to the extent that WHIRLPOOL CORPORATION did not manufacture the subject refrigerator, WHIRLPOOL CORPORATION is liable to ALLSTATE INDEMNITY COMPANY because it was a seller of the refrigerator, which was the product of an alien manufacturer and WHIRLPOOL CORPORATION was or is in the business of importing or distributing the refrigerator for resale and is the alter ego of the alien manufacturer.

16.

Furthermore, WHIRLPOOL CORPORATION is liable because the refrigerator contained a redhibitory defect, which was within the knowledge of WHIRLPOOL CORPORATION at the time it was delivered to the end user.

17.

In addition to the aforementioned property damage and deductible values, WHIRLPOOL CORPORATION is also liable for claim handling, loss adjustment and recovery expenses incurred by Plaintiff.

18.

To the extent there is liability under the laws of redhibition, WHIRLPOOL CORPORATION is also liable for attorney fees incurred pursuing this action.

19.

Furthermore, and to the extent that it is shown that the refrigerator did not fail, but that a water filter supplied by AQUAMOR, LLC failed so that water leaked from the refrigerator and damaged THE PROPERTY, then AQUAMOR, LLC is liable to ALLSTATE INDEMNITY COMPANY because it is a manufacturer of the subject filter, which had a characteristic that rendered it unreasonably dangerous.

20.

Furthermore, and to the extent that it is shown that the refrigerator did not fail, but that a water filter supplied by AQUAMOR, LLC failed so that water leaked from the refrigerator and damaged THE PROPERTY and to the extent that AQUAMOR, LLC did not manufacture the

subject filter, AQUAMOR, LLC is liable to ALLSTATE INDEMNITY COMPANY because it labeled the filter as its own or otherwise held itself out to be the manufacturer of the filter.

21.

Furthermore, and to the extent that it is shown that the refrigerator did not fail, but that a water filter supplied by AQUAMOR, LLC failed so that water leaked from the refrigerator and damaged THE PROPERTY and to the extent that AQUAMOR, LLC did not manufacture the subject filter, AQUAMOR, LLC is liable to ALLSTATE INDEMNITY COMPANY because it was a seller of the filter that exercised control over or influenced a characteristic of the design, construction or quality of the filter.

22.

Furthermore, and to the extent that it is shown that the refrigerator did not fail, but that a water filter supplied by AQUAMOR, LLC failed so that water leaked from the refrigerator and damaged THE PROPERTY and to the extent that AQUAMOR, LLC did not manufacture the subject filter, AQUAMOR, LLC is liable to ALLSTATE INDEMNITY COMPANY because it was a seller of the filter, which was the product of an alien manufacturer and AQUAMOR, LLC was or is in the business of importing or distributing the filter for resale and is the alter ego of the alien manufacturer.

23.

Furthermore, and to the extent that it is shown that the refrigerator did not fail, but that a water filter supplied by AQUAMOR, LLC failed so that water leaked from the refrigerator and damaged THE PROPERTY, AQUAMOR, LLC is liable because the filter contained a redhibitory defect, which was within the knowledge of AQUAMOR, LLC at the time it was delivered to the end user.

24.

In addition to the aforementioned property damage and deductible values, AQUAMOR, LLC is also liable for claim handling, loss adjustment and recovery expenses incurred by Plaintiff.

25.

To the extent there is liability under the laws of redhibition, AQUAMOR, LLC is also liable for attorney fees incurred pursuing this action.

WHEREFORE, ALLSTATE INDEMNITY COMPANY prays that after due proceedings are had that there be a judgment in Plaintiff's favor, ordering Defendants to pay any damages described herein, with interest from the date of judicial demand, all costs of this proceeding, and for all general and equitable relief allowed by law.

Respectfully submitted,

DUPLASS, ZWAIN, BOURGEOIS,
PFISTER, WEINSTOCK & BOGART

DANIEL M. REDMANN (#30685)

Three Lakeway Center, Suite 2900
3838 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119

Attorney for ALLSTATE INDEMNITY COMPANY

A TRUE COPY
*Lashon Millon*
DY. CLERK, 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA.
LAShon Millon

**Please serve:**

WHIRLPOOL CORPORATION
CSC OF ST. TAMMANY PARISH, INC.
4600 HIGHWAY 22, SUITE 9
MANDEVILLE, LA 70471

AQUAMOR, LLC (to be served under La. R.S. 13:3204 – please supply certified copy of citation and petition)